MATTHEW H. MEAD
United States Attorney
CAROL A STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124
Fax: (307) 772-2907

RONALD J. TENPAS
Assistant Attorney General
BARCLAY T. SAMFORD
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1475
Fax: (303) 844-1350

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-CV-017B |
| | ) | |
| v. | ) | |
| | ) | **FEDERAL DEFENDANTS'** |
| UNITED STATES DEPARTMENT OF | ) | **MOTION FOR** |
| AGRICULTURE; *et al.*, | ) | **RECONSIDERATION** |
| | ) | **AND MOTION FOR STAY** |
| Defendants. | ) | **PENDING RECONSIDERATION** |
| | ) | |

## I.     INTRODUCTION

On August 12, 2008, this Court, for the second time, declared that the 2001 Roadless Area Conversation Rule ("2001 Roadless Rule") was promulgated in violation of the National Environmental Policy Act ("NEPA") and the Wilderness Act.  As a remedy, this Court, in addition to declaratory relief, enjoined the Rule's use nation-wide.  As set forth below, the United States respectfully asks the Court to reconsider and amend its ruling as to the geographic scope of the remedy pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Regardless of whether this Court's injunction is national or more limited in scope, it places the United States Forest Service in the untenable position of having to comply with one district court's injunction *to follow* the 2001 Roadless Rule and another district court's injunction *not to follow* the 2001 Roadless Rule, and raises the spectre of contempt allegations in one Court or the other.  Defendants therefore also respectfully ask that the Court immediately stay its injunction – or at least stay its injunction outside of Wyoming – pending resolution of Defendants' Rule 59 motion and pending the Forest Service's contemporaneous motion in the United States District Court for the Northern District of California advising that Court that the 2001 Roadless Rule has been invalidated by this Court and requesting that the relief in that case be amended to remove the requirement that the agency comply with a now invalid regulation. See Exhibit 1 (Defendants' Motion for Indicative Ruling).

Counsel for the Defendants has conferred with counsel for the parties and is advised as follows: the State of Wyoming opposes this motion; Defendant-Intervenors Wyoming Outdoor Council *et al.* take no position at this time and will respond after reviewing this pleading; Plaintiff-Intervenor Colorado Mining Association does not support this motion.

## II. BACKGROUND

Issued on January 12, 2001, the 2001 Roadless Rule, prohibits, with certain exceptions, road construction and reconstruction, and timber harvest within all inventoried roadless areas within National Forest Service lands on a nation-wide basis. 66 Fed. Reg. 3,244 (Jan. 12, 2001). The Rule was subject to multiple judicial challenges, and on July 14, 2003, this Court issued an order invalidating and permanently enjoining the 2001 Roadless Rule. Wyoming v. U.S. Dep't of Agric., 277 F. Supp. 2d 1197 (D. Wyo. 2003). Defendant-Intervenors appealed the ruling, and their appeal remained pending on May 13, 2005, when the USDA issued the State Petitions for Inventoried Roadless Area Management Rule ("State Petitions Rule"). 70 Fed Reg. 25,654 (May 13, 2005). The Tenth Circuit then dismissed the appeal as moot and vacated this Court's decision. Wyoming v. U.S. Dep't of Agric., 414 F.3d 1207 (10th Cir. 2005).

The State Petitions Rule too was subject to litigation, and on September 20, 2006, the United States District Court for the Northern District of California declared the rule invalid. California ex rel. Lockyer v. U.S. Dep't to Agric., 459 F. Supp. 2d 874, 919 (N.D. Cal. 2006). The California court ordered that the State Petitions Rule is "set aside," the 2001 Roadless Rule "is reinstated," and "federal defendants are enjoined from taking any further action contrary to the Roadless Rule without first remedying the legal violations identified in this Court's opinion." California ex rel. Lockyer,(Final Injunction Order [Dkt. No. 235]).

## III. LEGAL STANDARDS

In the Tenth Circuit a motion to reconsider may be brought, within 10 days after the entry of judgment, as a motion to alter or amend judgment pursuant to Rule 59(e). Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir. 1989) (per curiam). Grounds warranting reconsideration include

"(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000) (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995)).

Rule 62(b)(3) provides a district court with the discretion to stay the execution of its judgment pending resolution of a motion under Rule 59(e).

## IV.     ARGUMENT

As set forth below, Defendants respectfully believe that in issuing a nation-wide injunction against the 2001 Roadless Rule, when more limited injunctive relief was adequate to address Wyoming's injury, this Court misapprehended the controlling law and committed clear legal error.

Defendants also note that even a more limited injunction leaves the Forest Service in the middle of irreconcilable conflict between the injunctions of coordinate courts, and therefore also ask for a stay of this Court's injunction of sufficient duration to allow Defendants to also seek relief from the injunction imposed by the California District Court.

### A.     This Court Committed Legal Error in Entering Injunctive Relief in Conflict with the Injunction Issued in California ex rel Lockyer v. U.S. Dep't of Agric.

In enjoining the application of the 2001 Roadless Rule nation-wide, this Court concluded that principles of comity did not preclude the issuance of a broad injunction. While Defendants do not assert that in every case a district court lacks equitable power to impose a nation-wide injunction, they do respectfully submit that here concerns for comity as well as the undue hardship imposed on the litigants obligated this Court to avoid issuing an injunctive remedy which creates an immediate conflict with that imposed by a coordinate court.

In considering the question of comity, this Court found it was not precluded from entertaining this action by the California district court's decision in <u>California ex rel. Lockyer</u> because the two courts were reviewing entirely separate Forest Service decisions. <u>Wyoming v. U.S. Dep't of Agric. (II)</u>, 2008 WL 3397503 at *33. As this Court correctly observed, the California District Court did not review or rule on the merits of the 2001 Roadless Rule, but rather reviewed the validity of the State Petitions Rule and required the Forest Service to abide by the 2001 Roadless Rule as a remedial matter under the Ninth Circuit's decision in <u>Paulsen v. Daniels</u>, 413 F.3d 999, 1008 (9th Cir. 2005). <u>Id.</u> at *34.

Defendants respectfully submit that this Court's comity analysis should not have ended with the fact that the two courts were reviewing different regulations, but should also have extended to the foreseeable conflict between the injunctive relief ordered by the courts. <u>Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.</u>, 713 F.2d 1477, 1484 (10th Cir. 1983) ("'When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the ususal measure of restraint, and such injunctions should be granted only in the most unusual cases.'") (quoting <u>Bergh v. Washington</u>, 535 F.2d 505, 507 (9th Cir. 1976)).

Here, while the two courts reviewed different regulations, the injunction issued by this Court conflicts with the injunction already imposed by the California district court. This Court has ordered that the 2001 Roadless Rule is "permanently enjoined." 2008 WL 3397503 at *37. The California district court's injunction bars the Forest Service "from taking any further action contrary to the [2001] Roadless Rule." <u>California ex rel. Lockyer</u>, 459 F. Supp. 2d at 919. Thus, as a result of this Court's order, the Forest Service is under injunctions simultaneously

*requiring it to follow* and *prohibiting it from following* the 2001 Roadless Rule, and the Agency is left with the Hobbesian choice of which injunction to violate.

The Fourth Circuit addressed a closely analogous scenario in Feller v. Brock, 802 F.2d 722 (4th Cir. 1986). There the U.S. Department of Labor ("DOL") confronted conflicting injunctions imposed by the West Virginia District Court and the D.C. District Court. The Fourth Circuit vacated the second injunction, explaining that forcing a federal agency to choose between two coordinate courts constitutes harm to the agency and the public, which – in the balance of the hardships– weighs heavily against issuance of injunctive relief:

> [T]he hardship [of injunctive relief] on DOL, which implicates basic principles of judicial obedience cannot be valued in monetary terms. The West Virginia district court required DOL to choose between coordinate courts and to knowingly violate an outstanding court order. The morale and credibility problems caused by such action are obvious. Furthermore, the district court forced DOL to run a serious risk of contempt sanctions. . . . Third, and most important, issuance of the preliminary injunction did a grave disservice to the public interest in the orderly administration of justice. Prudence requires that whenever possible coordinate court should avoid issuing conflicting orders.

Id. at 727-28 (citations and footnotes omitted).

Here too, the harm to the Forest Service and to the public's interest in the orderly administration of justice caused by the injunction prohibiting the Forest Service from following the 2001 Roadless Rule (and thus from complying with the California Court's injunction) outweighs any harm Wyoming will suffer from the 2001 Roadless Rule while the litigation surrounding the State Petitions Rule and the propriety of the injunction issued in California ex rel. Lockyer v. U.S. Dep't of Agric. is resolved.

Defendants respectfully submit that the appropriate remedy in this case is for the parties to return to the court in California and request that the injunction be modified on the grounds that

this Court has declared the 2001 Roadless Rule illegal. See Carter v. Attorney General of the United States, 782 F.2d 138, 142 n.4 (10th Cir. 1986) (noting parties should seek relief *in the Court rendering the injunction* so long as it is apparent that a remedy is available there) (emphasis added). As discussed below, a limited stay from this Court to allow Defendants the opportunity to pursue that motion is appropriate.

> **B.    This Court Committed Legal Error by Issuing Injunctive Relief Broader than Necessary to Remedy Wyoming's Injuries.**

As noted above, Defendants believe that the Court erred in imposing any injunctive relief to remedy the violations of law found. Assuming *arguendo*, that injunctive relief was appropriate, Defendants also respectfully submit that the Court erred in failing to limit its injunctive relief to the boundaries of the State of Wyoming. As Defendants have previously argued, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs," Califano v. Yamasaki, 442 U.S. 682, 702 (1979), and here, Wyoming's harm is confined to the borders of the State. An injunction so tailored would adequately redress the State's injuries while helping minimize the conflicting injunctions now faced by the Forest Service.

The only basis for a nation-wide injunction articulated in the Court's August 12, 2008 Opinion is the assertion that the "Tenth Circuit had notably remarked that harm to the environment **throughout the country may be presumed** when an agency fails to follow NEPA's mandates." 2008 WL 3397503, at *35 (citing Davis v. Mineta, 302 F.3d 1104, 1114 (10th Cir. 2002) (emphasis added). This is not the law, and to the extent the Court's injunction is predicated on the presumption of nation-wide harm, it has committed a clear error of law.

The United States Supreme Court has squarely rejected the proposition that harm

justifying injunctive relief can ever be presumed to follow from violation of an environmental law. Amoco Production Co v. Village of Gambell, 480 U.S. 531, 544-45 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). See also Lands Council v. McNair, — F.3d — , 2008 WL 2640001, *21 (9th Cir. 2008) (en banc) ("Accordingly, we decline to adopt a rule that *any* potential environmental injury *automatically* merits an injunction . . .").

While the Davis Court does erroneously suggest that environmental injury may be presumed, that statement is *dicta,* as the Court of Appeals goes on to hold that "Plaintiffs must still make a specific showing that the environmental harm results in irreparable injury to their specific environmental interests." 302 F.3d at 1115. In this case, the only specific showing of irreparable injury found by the Court is the potential harm to lands owned by the State of Wyoming within the State's borders. Thus, under the analysis in Davis v. Mineta, this Court's injunction should have been tailored to the borders of the State of Wyoming.

Finally, even if Davis v. Mineta does stand for the proposition that an irreparable injury may be presumed to flow from a NEPA violation – a proposition contrary to Supreme Court precedent– there is no basis for this Court's expansion of that proposition to the assertion that "harm to the environment **throughout the country** may be presumed." 2008 WL 3397503 at *35 (emphasis added) At issue in Davis v. Mineta was a proposal to widen a single road in a suburb of Salt Lake City, and the injunction ordered by the Tenth Circuit applied to only that project. 302 F.3d at 1126. Nothing in the facts or holding of Davis v. Mineta suggests the Tenth Circuit intended that injury could be presumed to extend beyond the injury actually demonstrated by a litigant.

### C. A Stay of the Court's Injunction is Appropriate

It is within this Court's equitable discretion to stay its injunction –either as a whole or as it applies outside Wyoming– pending resolution of Defendants' motion to reconsider and resolution of Defendant's concurrent motion to modify the injunction in <u>California ex rel. Lockyer v. U.S. Dep't of Agric</u>. As set forth below, the balance of hardships strongly suggests that such a stay is appropriate.

Wyoming will not be caused irreparable harm from any delay in enforcement of the Court's injunction. Wyoming has lived under the 2001 Roadless Rule since it was re-imposed by the California district court on September 20, 2006. As no time in the subsequent 23 months has Wyoming claimed the need for emergency relief from that court's order. Moreover, given the discretionary nature of most Forest Service management activities and the length of time it takes to plan and authorize such activities, there is no basis for a claim by the State that it will suffer any appreciable injury from the requested stay of this Court's injunction.

In contrast, in the absence of a stay, both the Forest Service and the public are harmed. For its part, the Forest Service faces the impossibility of compliance with two conflicting injunctions. Forcing an executive agency to "choose between coordinate courts, and to knowingly violate an outstanding court order," constitutes a considerable hardship. <u>Feller v. Brock</u>, 802 F.2d at 727-28. Similarly the confusion caused by conflicting injunctions is harmful to the public, doing a "grave disservice to the public interest in the orderly administration of justice." <u>Id.</u>

### V. CONCLUSION

For the reasons set forth above, this Court erred in imposing a nation-wide injunction

against the 2001 Roadless Rule. Defendants respectfully request that the Court amend its ruling to limit the immediate effect of the ruling to a declaratory judgment that the rule was promulgated in violation of law. In the alternative, Defendants request that the Court amend its ruling to limit injunctive relief to the boundaries of the state of Wyoming. Finally, Defendants ask that the Court stay its injunction –either on as whole, or as to its application beyond Wyoming– pending resolution of the Defendants' motion to reconsider and of Defendants' concurrent motion to modify the injunction in <u>California ex rel. Lockyer v. U.S. Dep't of Agric</u>.

DATED this 20th day of August, 2008.

>Respectfully submitted,
>
>RONALD J. TENPAS
>Assistant Attorney General
>Environment & Natural Resources Division
>
>/s/ Barclay Samford
>BARCLAY SAMFORD
>Trial Attorney
>Natural Resources Section
>Environment & Natural Resources Division
>U.S. Department of Justice
>1961 Stout Street - 8th Floor
>Denver, CO 80294
>Telephone:   (303) 844-1475
>Facsimile:   (303) 844-1350

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2008, **FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY PENDING RECONSIDERATION**, was electronically sent via the CM/ECF system by the United States District Court, District of Wyoming to the parties listed below. I further certify that a copy of the same document was also sent by regular U.S. Mail, postage pre-paid to the same listed parties:

/s/Susan Middagh

Jay A. Jerde, Esq.
Patrick J. Crank, Esq.
Robert A. Nicholas, Esq.
Wyoming Attorney General's Office
Water & Natural Resources Division
123 Capitol Building
Cheyenne, WY 82002
jjerde@state.wy.us
pcrank@state.wy.us
bnicho@state.wy.us

Andrew E. Hartsig, Esq.
James S. Angell, Esq.
Earthjustice Legal Defense Fund
1400 Glenarm Place, Suite 300
Denver, CO 80202
ahartsig@earthjustice.org
jangell@earthjustice.org

Douglas L. Honnold, Esq.
Timothy J. Preso, Esq.
Earthjustice Legal Defense Fund
209 South Willson Avenue
Bozeman, MT 59715
dhonnold@earthjustice.org
tpreso@earthjustice.org

Harriet M. Hageman, Esq.
Hageman & Brighton
222 East 21st Street
Cheyenne, WY 82001
hhageman@hblawoffice.com

Paul A. Turcke, Esq.
Moore Smith Buxton & Turcke, Chartered
950 West Bannock Street, Suite 520
Boise, ID 83702
pat@msbtlaw.com

Claudia Polsky, Esq.
State of California
Department of Justice
P.O. Box 70550
Oakland, CA 94612
Claudia.Polsky@doj.ca.gov

Reed Zars, Esq.
910 Kearney Street
Laramie, WY 82070
rzars@lariat.org

Judith A. Moore, Esq.
Stephen R. Farris, Esq.
New Mexico Attorney General's Office
Water, Environment and Utilities Division
P.O. Drawer 1508
Santa Fe, NM 87504
Amoore@ago.state.nm.us
Sfarris@ago.state.nm.us

David E. Leith, Esq.
1162 Court Street, N.E.
Salem, OR 97301
david.leith@doj.state.or.us

Candace F. West, Esq.
Montana Attorney General's Office
P.O. Box 201401
Helena, MT 59620-1401
cwest@mt.gov

William P. Pendley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO 80227
wppendley@mountainstateslegal.com

Keith Burron, Esq.
Associated Legal Group
1807 Capitol Avenue, Suite 205
Cheyenne, WY 82001
kburron@associatedlegal.com

Steven W. Strack, Esq.
Idaho Attorney General's Office
Natural Resources Division
P.O. Box 83720
Boise, ID 83720-0010
steve.strack@ag.idaho.gov

Brent R. Kunz, Esq.
Hathaway& Kunz
P.O. Box 1208
Cheyenne, WY 82003-1208
bkunz@hkwyolaw.com

Paul M. Seby, Esq.
Timothy R. Odil, Esq.
McKenna Long & Aldridge
1875 Lawrence Street, Suite 200
Denver, CO 80202
pseby@mckennalong.com
todil@nmckennalong.com

John Charles Schumacher
LAW OFFICE OF JOHN SCHUMACHER
420 East Washington Avenue
Riverton, WY 82501
john.schumacher@windriverlaw.com

Scott W Horngren
HAGLUND KELLEY HORNGREN
JONES & WILDER
1800 One Main Place
101 SW Main Street
Portland, OR 97204-3226
horngren@hk-law.com

Stephen R. Farris
New Mexico Attorney General's Office
Water, Environment & Utilities Division
Drawer 1508
Santa Fe, NM 87504
sfarris@ago.state.nm.us

Timothy R. Odil
McKenna Long & Aldridge
1875 Lawrence St., Suite 200
Denver, CO 80202
todil@mckennalong.com