FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 15 2009

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and the COLORADO MINING ASSOCIATION, | ) | |
| | ) | |
| Plaintiff- Intervenor | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-017-B |
| | ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and the WYOMING OUTDOOR COUNCIL, et al., | ) | |
| | ) | |
| Defendant- Intervenors. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION AND RULE 62(c) MOTION
FOR SUSPENSION OF INJUNCTION PENDING APPEAL

This matter came before the Court on the Federal Defendants'
Motion for Reconsideration [doc. #118] and the Wyoming Outdoor
Council's Rule 62(c) Motion for Suspension of Injunction Pending
Appeal [doc. #130]. A hearing was held on this matter on June 3,

2009. Barclay T. Samford and Carol A. Statkus appeared on behalf
of the Federal Defendants; James S. Angell appeared on behalf of
the Intervenor-Defendants; James Kaste appeared on behalf of the
Plaintiff, the State of Wyoming; Marian C. Larsen and Brent R. Kunz
appeared on behalf of the Intervenor-Plaintiffs; and Harriet M.
Hageman appeared on behalf of various amicus groups. After
considering the motions, reviewing the materials on file, and
hearing oral arguments, and being fully advised in the premises,
this Court FINDS that the motions should be DENIED.

I.      **BACKGROUND**

    The background of this case has been extensively discussed in
previous decisions by this Court. The Court, therefore, adopts and
incorporates its factual findings as set forth in its Order
Granting Plaintiff's Motion for Declaratory Judgment and Injunctive
Relief and Wyoming v. United States Department of Agriculture, 277
F. Supp. 2d 1197 (D. Wyo. 2003).

II.     **DISCUSSION**

    Once again, this Court is faced with determining the validity
of the 2001 Roadless Rule. On two different occasions this Court
has held that the Roadless Rule is invalid as it was promulgated in
violation of this nation's environmental laws. Defendants and

2

Defendant-Intervenors ask this Court to, again, revisit its previous decisions, and request that if the Court determines that the Rule is still invalid to, at the very least, suspend the injunction against the Rule. Because the Court finds that its reasoning, as laid out in two previous, lengthy decisions, more than supports the Court's finding, it denies the requests of the Defendants and the Defendant-Intervenors here.

A.   Motion for Reconsideration

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment under certain, limited circumstances. See Fed. R. Civ. P. 59(e). In deciding whether to alter or amend a previous judgment, the motion should only be granted if there exits: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Because there has been no intervening change in the law, nor has new evidence been presented to the Court, the Federal Defendants must show that the Court committed clear error to succeed on its motion.

The Federal Defendants claim that the Court committed clear error in two ways with its 2008 Order finding the Roadless Rule

3

invalid and enjoining its enforcement.   First, the Federal
Defendants argue that the Court committed clear error by enjoining
the enforcement of the 2001 Roadless Rule in conflict with an
injunction entered by the Northern District of California in
California ex rel. Lockyer v. United States Department of
Agriculture, 459 F. Supp. 2d 874 (N.D. Cal. 2006).   Second, the
Federal Defendants argue that the Court committed clear error by
issuing injunctive relief broader than necessary to remedy
Wyoming's injuries.   The Court will take each of these in turn.

        1.   Conflicting Injunctions

    The Court first turns to the Federal Defendants' claim that to
issue an injunction that conflicted with that of the California
District Court was clear error.   This argument has already been
heard and adequately addressed by this Court in its previous order.
In its August 12, 2008 Order Granting Plaintiff's Motion for
Declaratory Judgment and Injunctive Relief the Court discussed
extensively the comity implications of granting an injunction
against the 2001 Roadless Rule.   (Order Granting Pl.'s Mot. for
Declaratory J. and Injunctive Relief at 92-95.)   It ultimately
found "that issues of comity are not present in the current case."
(Order Granting Pl.'s Mot. at 92.)   As the Tenth Circuit has

                            4

stated, "It is not appropriate to revisit issues already addressed
or advance arguments that could have been raised in prior
briefing." Servants of Paraclete, 204 F.3d at 1012.  Because the
Court has already addressed this issue, it is inappropriate to
revisit it in a Motion for Reconsideration.

      2.   *Limiting Injunction*

    Next, the Court turns to the Federal Defendants' contention
that the Court committed clear error when it enjoined enforcement
of the 2001 Roadless Rule nationwide rather than simply limiting
the injunction to Wyoming.  Limiting the scope of the injunction to
Wyoming, however, would be illogical.  The Rule was enacted and
enforced on a nationwide basis.  It was not tailored to address the
forests of each state as separate entities.  It would make little
sense, then, to tailor the remedy by limiting the injunction to the
State of Wyoming.  If the Rule is illegal, as this Court has found
it to be, then it is illegal nationwide, just as it was enforced
nationwide.

    The Federal Defendants claim that, "The only basis for a
nation-wide injunction articulated in the Court's August 12, 2008
Opinion is the assertion that the 'Tenth Circuit had notably
remarked that harm to the environment *throughout the country may be*

5

*presumed* when an agency fails to follow NEPA's mandates.'" (Federal Defs.' Mot. for Reconsideration and Mot. for Stay Pending Reconsideration at 7 (citing Order Granting Pl.'s Mot. at 97-98).) Despite the fact that this is not the only reason for issuing a nationwide injunction as explained above, the Court concludes that, in and of itself, this is enough to support the Court's decision to issue a nationwide injunction. In making this statement, the Tenth Circuit clearly stated that NEPA acts "as a means of safeguarding against environmental harms." Davis v. Mineta, 302 F.3d 1104, 1114 (10th Cir. 2002). When the USDA and the Forest Service failed to comply with NEPA in promulgating the 2001 Roadless Rule, it put *our nation's* forests, not just Wyoming's forests, at risk. That risk of harm is not unique to Wyoming, it is apparent throughout the country. As the Court noted at oral argument, destructive beetles do not heed state boundaries, neither do the devastating nature of wildfires.

Finally, the Federal Defendants have requested that the Court limit its injunction so that this Court's ruling can exist in harmony with that of the California District Court.[1] The Federal

---

[1]    This Court has been informed that the California District Court, upon reconsideration, has limited its injunction to the Ninth Circuit and New Mexico.

Defendants urge that to hold otherwise would put forest rangers, on the ground, in the untenable position of choosing between two conflicting injunctions. While the Court appreciates the reality of the situation faced by those working for the forest service, it cannot, in good conscience, limit its injunction.    The 2001 Roadless Rule is no more or less legal in Wyoming than it is in the Ninth Circuit or New Mexico. As such, a nationwide injunction remains the appropriate remedy in this case.

B.    Wyoming  Outdoor  Council's  Rule  62(c)  Motion  for
Suspension of Injunction Pending Appeal

The Wyoming Outdoor Council, et al. (WOC) has requested that the Court stay its injunction against the 2001 Roadless Rule pending the outcome of its appeal in the Tenth Circuit. Federal Rule of Civil Procedure Rule 62(c) provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In determining whether a stay pending the outcome of an appeal is appropriate, the Court looks to four factors:

(1) whether the stay applicant has made a strong showing
that he is likely to succeed on the merits; (2) whether

7

the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially
injure the other parties interested in the proceeding;
and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).   In looking to

these factors, the Court finds that a stay pending appeal is not

warranted in this case.

Initially, the Court notes that it has twice decided that the

2001 Roadless Rule was promulgated in contravention of the nation's

environmental laws.   This Court, therefore, has an ample amount of

experience in dealing with this issue.   The Court has been thorough

and analyzed the administrative record numerous times, and found

that the USDA and the Forest Service failed to perform their duties

under NEPA and the Wilderness Act when they promulgated the Rule.

WOC has pointed to nothing to convince this Court that it is

"likely" to succeed on appeal.   WOC is required to make a "strong

showing" of its likelihood to succeed, it has failed to do so.

WOC argues that it will be potentially irreparably injured if

the injunction is not stayed pending the appeal.   In making this

argument, WOC avers that numerous oil and gas developments may move

from pending to an immediate threat if the Court refuses to stay

the injunction.   WOC's contention rests on a flawed premise that

the forests will not be subject to any protection if the 2001

Roadless Rule is enjoined.  Our nations forests, however, are subject to numerous protections absent that of the Roadless Rule. WOC seems to assert that as soon as the Roadless Rule is lifted, a free-for-all will ensue resulting in the obliteration of our nation's forests.  This is simply not the case.

Conversely, everyday that the Roadless Rule remains in effect is a day that our forests are at risk.  As stated, NEPA was designed to ensure that administrative agencies have considered the impacts that a new rule would have on the environment.  By violating NEPA, the USDA and the Forest Service neglected to consider all of the potentially negative environmental impacts the 2001 Roadless Rule would pose.  Although the development of our forests is regulated and carefully scrutinized through the numerous rules and regulations already in place, there are no rules or regulations that can prevent the savage of our forests from unruly wildfires and/or destructive beetles.

Finally, based on the foregoing discussion, it is clear that the public interest lies in preserving our forests.  The 2001 Roadless Rule, by violating the law, has failed to do this. Everyday that this Rule remains in effect, our forests are placed in a position of further peril.  The Court, therefore, finds that

WOC's motion must be DENIED.

**III.      CONCLUSION**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.     The Federal Defendants' Motion for Reconsideration is DENIED;

2.     WOC's Rule 62(c) Motion for Suspension of Injunction Pending Appeal is DENIED.

IT IS SO ORDERED.


Dated this _____ day of June, 2009.


_____
UNITED STATES DISTRICT JUDGE

10